Miles **YOURMAN** and Minnie Yourman, Plaintiffs,

v.

**UNITED STATES of America,** Defendant.

Allen M. **YOURMAN** and Marguerite Yourman, Plaintiffs,

v.

**UNITED STATES of America,** Defendant.

Civ. Nos. 3388–SD–K, 3389–SD–K.

United States District Court
S. D. California.
Nov. 6, 1967.

William L. Kumler, Kumler, Hodge & Croskey, Beverly Hills, Cal., R. L. Knox, Jr., Horton, Knox, Carter & Rutherford, El Centro, Cal., for plaintiffs.

Edwin L. Miller, Jr., U. S. Atty., Southern District of California, Arthur M. Greenwald, Special Asst. U. S. Atty., for defendant.

## MEMORANDUM OF DECISION

KUNZEL, Chief Judge.

In these consolidated actions plaintiffs seek a refund of taxes paid to the United States. The court has jurisdiction by virtue of 28 U.S.C. § 1346(a) (1).

The cases have been submitted for decision on the stipulated facts contained in the pre-trial conference order filed May 1, 1967. Counsel for both parties agree that this is a case of first impression.

Plaintiffs Miles and Allen Yourman each held a one-third interest in a partnership with William Anderson as the third member.

The partnership was dissolved in 1955 via a non-pro-rata distribution of partnership assets. Certain unrealized receivables and inventory items were distributed to Anderson. Plaintiffs received certain capital assets; principally land. The fair market value of what each partner received was equal to the cost of acquisition. However, the inventory items which Anderson received had been completely expensed so that the basis was zero.

Taxes were assessed against plaintiffs on the basis that the non-pro-rata distribution of the partnership assets to plaintiffs constituted a taxable event under the provisions of 26 U.S.C. § 751 (1954).

Plaintiffs contend section 751 does not apply for the reason that language contained in section 751(b) (1) (B) limits the application of the section to a situation where a partnership continues in existence after a distribution to some or all of the partners. The section reads, in part, as follows:

"* * * be considered as a sale or exchange of such property between the distributee and the partnership (as constituted after the distribution)."

The purpose expressed by Congress for the adoption of section 751 was "to prevent the conversion of potential ordinary income into capital gain by virtue of transfers of partnership interest." 3 U.S.Code Cong. & Ad. News 1954, p. 4097.

There is no credible reason for giving the language the meaning plaintiffs contend. The only logical interpretation to be given to the language in view of express congressional purpose is that it refers to the facts as they exist after the distribution. A dissolved partnership, as well as a partnership which continues to exist, are "as constituted after the distribution."

Merten's Law of Federal Income Taxation agrees that section 751 applies to a non-pro-rata distribution whether or not the partnership remains in existence.

"The rules of Section 751(b), as thus described, are applicable both to liquidating and current distributions. In a current distribution of cash or property, secton 751(b) is applicable to the extent that a distributee partner has surrendered all or a part of his interest in unrealized receivables or inventory, or conversely has acquired part of the interest of the other partners in such

property. In a liquidating distribution, section 751(b) is applicable unless each of the partners receives his pro-rata share of unrealized receivables and substantially appreciated inventory items.

"In general, section 751(b) applies wherever a distribution to one or more partners amounts in substance to an 'exchange' between the distributee partner and the remaining partners [9] of non capital and capital assets. If the distribution is made in such a way that each partner retains his pro-rata share of unrealized receivables and inventory, the collapsible partnership rules will not be invoked. * * * "

With respect to footnote 9, the following is stated at page 102 of Chapter 1, Subchapter K, Section 751.3.

"9. In the case of a *termination of a partnership,* (emphasis added) the exchange may take place between the various distributee partners." "Code Commentary—Sections 701–End," Chap. 1, Subchapter K Section 751.3 p. 98.

Plaintiffs further contend that if section 751 applies to the distribution, the partnership inventory should not be taken into account for the reason that the inventory items at the time of distribution had not appreciated substantially in value as required by section 751(d). This section provides as follows:

"(d) INVENTORY ITEMS WHICH HAVE APPRECIATED SUBSTANTIALLY IN VALUE.—

(1) SUBSTANTIAL APPRECIATION.—Inventory items of the partnership shall be considered to have appreciated substantially in value if their fair market value exceeds—

(A) 120 percent of the adjusted basis to the partnership of such property, and

(B) 10 percent of the fair market value of all partnership property, other than money.

(2) INVENTORY ITEMS.—For purposes of this subchapter the term 'inventory items' means—

(A) property of the partnership of the kind described in section 1221 (1),

(B) any other property of the partnership which, on sale or exchange by the partnership, would be considered property other than a capital asset and other than property described in section 1231, and

(C) any other property held by the partnership which, if held by the selling or distributee partner, would be considered property of the type described in subparagraph (A) or (B)."

Plaintiffs' position in this regard is that there must be appreciation in fact as opposed to a bookkeeping appreciation.

It is stipulated that the fair market value of the inventory at the time of distribution was $210,959.70, and that the adjusted basis of the inventory on the books was zero. The stipulation further indicates that the fair market value of the inventory was in excess of ten per cent of the fair market value of all the partnership property.

There would seem to be no logical reason for differentiating between an "actual appreciation" and a "bookkeeping appreciation" caused by having expensed the inventory for tax purposes. If the inventory had been sold by the partnership, the result of such sale would have been that the partners would have each been required to pay ordinary income tax on the sales price less the cost basis on the books which here was zero. If the congressional purpose for the enactment of section 751 is to be observed, the distribution here should be treated no differently than a *sale* by the partnership, and the result should be the same.

Judgment shall be for defendant.

This memorandum shall constitute the findings of fact and conclusions of law. Counsel for defendant shall prepare, serve and lodge a judgment in accordance herewith.